DECISION AND JUDGMENT ENTRY
{¶ 1} This is a pro se appeal from a judgment of the Lucas County Court of Common Pleas that denied appellant's motion for leave to file a delayed petition for postconviction relief. For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} Appellant sets forth the following assignments of error:
 {¶ 3} "Defendant-appellant received the ineffective assistance of counsel, when counsel failed to file a not guilty by reason of insanity plea, at the pre-trial stages in violation of defendant-appellant's sixth amendment right."
 {¶ 4} "The trial court erred to the prejudice of defendant-appellant when it dismissed his postconviction petition, pursuant to R.C. 2953.21 without findings of fact and conclusions of law."
 {¶ 5} Appellant appeals the denial of his petition, arguing that he was insane at the time he committed the offenses and that the trial court erred by failing to file findings of fact and conclusions of law. Upon thorough review of the record, we find that appellant's petition was properly dismissed because it was not timely filed.
 {¶ 6} On August 23, 1994, following appellant's pleas of guilty, a three-judge panel found him guilty of one count of aggravated murder with a death penalty specification; one count of aggravated robbery; and four counts of robbery. He was sentenced to life in prison with parole eligibility after 30 years on the aggravated murder conviction, and 10 to 25 years on the aggravated robbery conviction, with the sentences to be served concurrently. The trial court further imposed consecutive sentences of six to fifteen years on each of the four robbery convictions, with those sentences to be served consecutively to the aggravated murder and aggravated robbery sentences. In September 1997, appellant moved for a delayed appeal but this court denied his request. On March 8, 2002, appellant filed in the trial court a motion for leave to file a delayed petition for postconviction relief. In his petition, appellant claimed ineffective assistance of trial counsel based on a failure to raise the issue of his competence to stand trial. Appellant also asserted that trial counsel was ineffective for failing to investigate and allege that he was insane at the time he committed the offenses. The state responded with a motion for summary judgment/motion to dismiss. The trial court declined to hold an evidentiary hearing, and on September 12, 2002, found appellant's motion for leave to file a delayed petition not well-taken. The trial court found that appellant's first claim was without merit because appellant had been referred to the Court Diagnostic and Treatment Center for an evaluation as to his present competency and to a private psychologist for evaluation after counsel raised the issue of appellant's competency to stand trial. The trial court further noted that at a hearing held on August 1, 1994, appellant was found competent to stand trial. As to appellant's second claim based on counsel's failure to investigate and to allege that appellant was insane at the time he committed the offenses, the trial court adopted as its own findings the state's memorandum in which it was argued that the petition was untimely filed pursuant to the provisions of R.C. 2953.21 (A) and R.C. 2953.23(A). This appeal followed.
 {¶ 7} Appellant argues in his first assignment of error that he received ineffective assistance of counsel for failing to raise the defense that he was insane at the time he committed the offenses. However, because we find in our analysis of appellant's second assignment of error that his petition was not timely filed in the trial court, this argument, set forth in his first assignment of error, is rendered moot.
 {¶ 8} R.C. 2953.21 was amended in 1995 to provide that a petition for postconviction relief must be filed no later than 180 days after the date on which the trial transcript is filed in the court of appeals or, if no appeal is taken, no later than 180 days after the expiration of the time for filing the appeal. R.C. 2953.21(A)(2). Appellant did not take a direct appeal from the trial court's judgment in this case. The legislation further provided a "savings clause" to cover those circumstances where a person such as appellant was sentenced prior to the effective date of this section. The "savings clause" provided that those persons should file their petition within the time limits set forth in R.C. 2953.21(A)(2), or within one year of the effective date of the statute, whichever was later. The effective date of the statute was September 21, 1995; appellant filed his petition on March 8, 2002. Thus, appellant's petition clearly fell outside both the time limit set forth in division (A)(2) of R.C. 2953.21 and the "savings period."
 {¶ 9} A trial court may, however, entertain a petition for postconviction relief that was filed after the expiration of the period prescribed in R.C. 2953.21(A) if certain exceptions exist. Pursuant to R.C. 2953.23(A), in order to come under one of the exceptions, appellant would have to show that he was unavoidably prevented from discovering the facts upon which he relied in his petition or, subsequent to either the period prescribed in R.C. 2953.21(A)(2) or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in appellant's situation, and that the petition asserts a claim based on that right.
 {¶ 10} Appellant also would have to show, by clear and convincing evidence, that but for constitutional error at trial no reasonable factfinder would have found him guilty of the offense charged. Insofar as appellant failed to file a petition for postconviction relief within the time limits set forth in R.C. 2953.21 and failed as well to demonstrate that any of the exceptions set forth in R.C. 2953.23(A) apply to his case, we find that the trial court correctly denied appellant's motion. Accordingly, appellant's first and second assignments of error are not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
Judgment Affirmed.
Peter M. Handwork, P.J., Richard W. Knepper, J. and Arlene Singer, J., concur.