DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the trial court's denial of postconviction relief from a judgment of the Lucas County Court of Common Pleas. For the following reasons, this court affirms the judgment of the trial court.
 {¶ 2} Appellant sets forth the following assignments of error:
 {¶ 3} "1. Conviction was obtained by the use of evidence gained pursuant to an unconstitutional search and seizure.
 {¶ 4} "2. Conviction was obtained by the unconstitutional failure of the prosecutor to disclose to the defendant evidence favorable to the defendant.
 {¶ 5} "3. Conviction was obtained by the unconstitutional failure of the defendants [sic] court appointed attorney for not challenging the inconsistenies [sic] in the states [sic] evidence.
 {¶ 6} "4. Conviction was obtained by the action of a grand or petit jury which was unconstitutionally selected and impaneled.
 {¶ 7} "5. Due process was violated for Mr. Macias under O.R.C. § 2941.14.7. specification of sexual motivation. (it was not on the indictment) [sic]
 {¶ 8} "6. Due process was violated for Mr. Macias under O.R.C. § 2929.19(B)(3)(c). Post Release Control (it was not part of the sentence) [sic].
 {¶ 9} "7. Second post-conviction [sic] petition was timely filed.
 {¶ 10} "8. No one presented the alibi for the morning og [sic] 6-27-98, recipts [sic] from Rudolph Lumber and American Rental."
 {¶ 11} The facts pertinent to this appeal are as follows. In September 1998, appellant was indicted on one count of rape. He was arrested, arraigned and retained counsel. Before trial began, he was also charged with unrelated heroin possession. The trials proceeded separately. During the pretrial preparations, appellant's attorney filed a motion to withdraw which was granted. Appellant was found indigent and appointed counsel. Shortly before trial, appellant requested new counsel, but his request was denied.
 {¶ 12} Appellant was tried and convicted by a jury for rape in March 1999. Just before appellant's heroin trial was to begin, his counsel withdrew. After he was appointed counsel, appellant filed a motion for leave to file a delayed appeal of his March 1999 rape conviction. This motion was granted on November 18, 1999. On December 21, 1999, appellant filed the trial court record with this court, including a 17-volume trial transcript from his rape trial. In the interim, appellant was convicted in his heroin trial. On May 23, 2000, appellant's counsel submitted a motion to supplement the appellate record with the transcripts from the heroin trial. This court granted the motion on July 7, 2000. Appellant's counsel submitted the heroin trial transcripts on July 25, 2000.
 {¶ 13} On June 19, 2000, appellant, through his counsel, filed a petition for postconviction relief. The state opposed the petition, arguing the statute of limitations had run. The trial court agreed. Pursuant to R.C. 2953.21(A)(2), appellant had 180 days to file for postconviction relief, but filed on the 182nd day. The trial court dismissed appellant's petition on April 30, 2001. This court affirmed the dismissal. State v. Macias, 6th Dist. No. L-01-1391, 2003-Ohio-684.
 {¶ 14} On June 8, 2001, this court also affirmed appellant's conviction for rape and his sentence. State v. Macias (June 8, 2001), 6th Dist. No. L-99-1363. In a table decision, the Supreme Court of Ohio declined to review appellant's further appeal.State v. Macias (2001), 93 Ohio St.3d 1428. On September 16, 2004, appellant filed a second petition for postconviction relief. The state again opposed the petition, arguing it was successive and the statute of limitations had run. The trial court agreed and dismissed the petition. This appeal followed.
 {¶ 15} R.C. 2953.21(A)(2) provides: "[A] petition under division (A)(1) of this section shall be filed not later thanone hundred eighty days after the date on which the trialtranscript is filed in the court of appeals in the direct appealof the judgment of conviction or adjudication[.] * * * If no appeal is taken * * * the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." (Emphasis added). There are two dates we could look to with regard to this statute of limitations. Appellant's petition was untimely regardless of the date used.
 {¶ 16} Appellant filed this petition with the trial court on September 16, 2004. The 180-day clock started running on December 21, 1999, when appellant filed the trial court record with this court in his original appeal. This means on September 16, 2004, 1,732 days had passed since the trial court record was filed on appeal. Appellant's petition was 1,552 days late and is therefore untimely.
 {¶ 17} Appellant did, however, supplement the trial court record with a transcript of his heroin trial. That transcript was filed with this court on July 25, 2000. If we look to that date, appellant's petition is still untimely. A total of 1,515 days passed between July 25, 2000 and September 16, 2004. Therefore, appellant's petition was 1,335 days late and still untimely.
 {¶ 18} A trial court may entertain an untimely petition for postconviction relief where the defendant meets one of two possible exceptions. State v. Jordan, 6th Dist. No. L-02-1322,2003-Ohio-7269, ¶ 9. To fall under either exception, appellant must first demonstrate he was unavoidably prevented from discovering the facts upon which he relied in his petition. Id. Additionally, he must show by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found him guilty of the offense. Jordan, at ¶ 10.
 {¶ 19} Appellant has not established either of these criteria. He points to no evidence demonstrating he was "unavoidably prevented" from discovering facts at trial. Additionally, he has not demonstrated any constitutional error by clear and convincing evidence. Given the untimely nature of appellant's petition, and his failure to meet the burden of proof set forth in Jordan, the trial court's dismissal was appropriate. Thus, appellant's eight assignments of error are not well-taken.
 {¶ 20} On consideration whereof, this court finds appellant's petition was untimely and the judgment of the Lucas County Court of Common Pleas affirmed in all respects. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Parish, J., Concur.